UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE CHARLES,<br>WAYNE CHARLES II,<br><br>              Plaintiffs,<br><br>              -against-<br><br>LEE A. POLLOCK, POLLOCK & MAGUIRE, LLP,<br>RICHARD LEVITT, NICHOLAS KAIZER,<br>LEVITT & KAIZER, PAUL A. SHNEYER,<br>GLENDA CHARLES,<br><br>              Defendants. | Civil Action No. 15-9758<br><br>**ANSWER OF<br>DEFENDANT<br><u>PAUL A. SHNEYER</u>** |

Defendant Paul A. Shneyer, by and through his attorneys, The Law Office of Aimee P. Levine, by and for his Answer to the Complaint, herein state as follows:

## INTRODUCTION

1.    Makes no response to the legal conclusions set forth in paragraph 1 of the complaint and therefore denies the same, refers the Court to the statute cited therein for its contents, except admits that Plaintiffs purports to bring this action pursuant to 15 U.S.C. § 1692, *et seq*., the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

2.    Makes no response to the legal conclusions set forth in paragraph 2 of the complaint and therefore denies the same, refers the Court to the statute cited therein for its contents, except admits that Plaintiffs purport to base jurisdiction of this Court on 28 U.S.C. § 1332.

3. Makes no response to the legal conclusions set forth in paragraph 3 of the complaint and therefore denies the same, refers the Court to the statute cited therein for its contents, except admits that Plaintiffs purport to base jurisdiction of this Court on 28 U.S.C. § 1367.

4. Makes no response to the legal conclusions set forth in paragraph 4 of the complaint and therefore denies the same, refers the Court to the statute cited therein for its contents, except admits that Plaintiffs purport to base venue on 28 U.S.C. §§ 1391 (b) and (c).

## PARTIES

5. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 5-11 and 13 of the complaint.

6. Denies the allegations set forth in paragraph 12 of the complaint, except admits that Paul A. Shneyer P.C. maintains its principal place of business in the County of New York, State of New York.

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 14-17, 22, and 24 of the complaint, and further refers the Court to the documents referenced therein for their contents

8. Makes no response to the legal conclusions set forth in paragraphs 18-21 and 23 of the complaint, and therefore denies the same, and refers the Court to the statutes cited therein for their contents.

### AS AND FOR A RESPONSE TO PLAINTIFFS' FIRST CAUSE OF ACTION

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the complaint.

**AS AND FOR A RESPONSE TO PLAINTIFFS' SECOND CAUSE OF ACTION**

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the complaint, except to the extent that they are alleged against Defendant Paul A. Shneyer, then denies the same.

**AS AND FOR A RESPONSE TO PLAINTIFFS' THIRD CAUSE OF ACTION**

11. Makes no response to the legal conclusions set forth in paragraph 27 of the complaint, and thereby denies the same, refers the Court to the statutes cited therein for their contents, and further states that to the extent that the allegations are construed to be asserted against Defendant Paul A. Shneyer, they are denied in their entirety.

**AS AND FOR A RESPONSE TO PLAINTIFFS' FOURTH CAUSE OF ACTION**
Injunctive Relief

12. Defendant repeats and re-alleges each and every response set forth above, as if fully set forth herein.

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 29 and 30 of the complaint, and further states that the remedy of an injunction does not state a cause of action.


14. Makes no response to Plaintiffs' jury demand set forth in paragraph 31 of the complaint as no response is required, except admits that Plaintiffs purport to demand a jury trial in this action.

15. Makes no response to Plaintiffs' prayer for relief as no response is required, except states that to the extent that Plaintiffs are seeking damages of any kind against Defendant Paul A. Shneyer, denies that Plaintiffs are entitled to said damages.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. The complaint, and each purported cause of action contained therein, fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Defendant Paul A. Shneyer is not a proper party to the lawsuit, either in his individual capacity or in his capacity as the Court Appointed Receiver of the Premises located at 80 West 120th Street, New York, New York 10027, to the extent the complaint can be construed to be brought against Defendant in his capacity as receiver.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. Defendant Paul A. Shneyer is not alleged to have collected a debt from Plaintiffs and is thus not subject to the FDCPA.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4. Defendant Paul A. Shneyer was appointed as receiver of the premises located at 80 West 120th Street, New York, New York 10027 by the Hon. Richard A. Braun of the Supreme Court, State of New York, County of New York, in the action entitled *Levitt & Kaiser v. Wayne Ivory Charles, Index No. 09-104127*, by Order dated October 2, 2015, more than six months after the Order to Show Cause dated March 27, 2015, which is the basis of Plaintiffs' allegations under the FDCPA. Accordingly, the complaint fails to state a claim against Defendant Shneyer.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5. The Court lacks subject matter jurisdiction over the complaint, and each purported cause of action contained therein.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6. Plaintiffs' claims are barred by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7. Defendant Paul A. Shneyer has complied with all of his legal and fiduciary duties and applicable law as the Court Appointed Receiver of the Premises located at 80 West 120th Street, New York, New York 10027.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiffs' claims for damages, to the extent any damages are sought against Defendant Paul A. Shneyer, are barred by Plaintiffs' failure to establish either wrongdoing or proximate cause, and because the injuries and damages purportedly incurred by Plaintiffs are not the result of any wrongful acts, omissions, or other conduct by Defendant Paul A. Shneyer.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9. Defendant reserves the right to rely upon such other and further affirmative defenses as may be supported by the facts as determined by full discovery.

**WHEREFORE**, Defendant Paul A. Shneyer hereby demands judgment dismissing each and every cause of action set forth in the complaint, plus the costs and expenses incurred in defending against this action, including reasonable attorneys' fees, and such other and further relief as this Court deems just and proper.

Dated:   January 13, 2016
         New York, New York

                                **THE LAW OFFICE OF AIMEE P. LEVINE**

                                By:      /s/  Aimee P. Levine
                                       Aimee P. Levine

                                5 Columbus Circle, Suite 710
                                New York, New York 10019
                                (212) 965-9696

                                Attorney for Defendant
                                Paul A. Shneyer

TO:    Wayne Charles
        80 West 120th Street
        New York, NY 10027
        *Plaintiff Pro Se*

        Wayne Charles II
        7 Balint Drive, #624
        Yonkers, NY 10710
        *Plaintiff Pro Se*

        Lee A. Pollock, Esq.
        Peter S. Dawson, Esq.
        Pollock & Maguire LLP
        4 West Red Oak Lane, Suite 302
        White Plains, NY 10604
        *Attorneys for Defendants*
        *Lee A. Pollock, Pollock & Maguire LLP,*
        *Levitt& Kaizer, Richard Levitt, and Nicholas Kaizer*