UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
WAYNE CHARLES
WAYNE CHARLES II,

                    **Civ. Action No**: 15-cv-9758 (PAE)

          Plaintiffs,              (*Rel.* 15-cv-09334, 15-cv-08283)


        -against-                Hon.  Paul A. Engelmayer, U.S.D.J

LEE A. POLLOCK; POLLOCK & MAGUIRE, LLP
RICHARD LEVITT; NICHOLAS KAIZER;
LEVITT & KAIZER; PAUL A. SCHNEYER;
GLENDA CHARLES,

                  Defendants.
-------------------------------------------------------------x


## MEMORANDUM OF LAW IN SUPPORT
## OF THE MOTION OF DEFENDANTS LEE A. POLLOCK,
## POLLOCK & MAGUIRE, LLP, LEVITT & KAIZER,
## <u>RICHARD LEVITT, AND NICHOLAS KAIZER TO DISMISS THE COMPLAINT</u>

### POLLOCK & MAGUIRE, LLP

Peter S. Dawson (PD1618)
Lee A. Pollock (LP7192)
*Pro se and Attorneys for Defendants Levitt &*
   *Kaizer, Richard Levitt, and Nicholas Kaizer*
4 West Red Oak Lane, Suite 302
White Plains, New York 10578
T: 914-251-1525
F: 914-251-0662
pdawson@pollock-maguire.com
lpollock@pollock-maguire.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................... ii

PRELIMINARY STATEMENT........................................................................... 2

ALLEGATIONS OF COMPLAINT...................................................................... 5

ARGUMENT......................................................................................................... 6

      Introduction: Standard Under Fed. R. Civ. P. 12(b)(6)............................... 6

I.    THE COMPLAINT'S CLAIMS UNDER 15 U.S.C. §1692g
      SHOULD BE DISMISSED BECAUSE THE ORDER TO
      SHOW CAUSE IS A PLEADING THAT IS EXEMPT
      FROM THE FDCPA's DISCLOSURE REQUIREMENTS....................... 7

II.   THE COMPLAINT FAILS TO STATE A CLAIM UNDER
      15 U.S.C. §1692e AND 15 U.S.C.§1692f.................................... 10

III.  PLAINTIFFS' CLAIMS UNDER 15 U.S.C. §1692e,
      15 U.S.C. §1692e (2)(A), 15 U.S.C. §1692e(10), AND
      15 U.S.C. §1692f SHOULD BE DISMISSED UNDER
      FED. R. CIV. P. 12(B)(1) BECAUSE THE DISTRICT COURT LACKS
      SUBJECT MATTER JURISDICTION PURSUANT TO THE
      *ROOKER-FELDMAN* DOCTRINE............................................................. 13

IV.  PLAINTIFFS ARE NOT ENTITLED TO AN INJUNCTION
      UNDER THE FDCPA AND THE ANTI-INJUNCTION ACT.................... 17

V.   THE COMPLAINT SHOULD BE DISMISSED AS TO
      LEVITT & KAIZER BECAUSE THE FDCPA DOES NOT APPLY
      TO CREDITORS........................................................................................... 17

CONCLUSION.................................................................................................... 19

# TABLE OF AUTHORITIES

**CASES**                                                                          **PAGE(S)**

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)................................................................. 7, 10, 12, 13

Backuswalcott v. Common Ground Community HDFC, Inc.,
    104 F.Supp 2d 363 (S.D.N.Y. 2000)..................................................... 17

Bell v. Twombly,
    550 U.S. 544 (2007)................................................................. 7, 10, 12, 13

Christian, Klein & Cogburn v. National Ass'n of Securities Dealers, Inc.,
    970 F.Supp. 276 (S.D.N.Y. 1997)......................................................... 9

Clomon v. Jackson,
    988 F.2d 1314 (2d Cir. 1993)................................................................ 10

District of Columbia Court of Appeals v. Feldman,
    460 U.S. 462 (1983)................................................................. 13, 14

Doherty v. Citibank (South Dakota) N.A.,
    375 F.Supp 2d 158 (E.D.N.Y. 2005)....................................................... 18

Ellis v. Solomon P.C.,
    591 F.3d 130 (2d Cir. 2010)................................................................ 7, 8, 10

Exxon Mobil Corp. v. Saudi Basic Industries Corp.,
    544 U.S. 280 (2005)................................................................. 14

Foti v. NCO Financial Systems, Inc.,
    424 F.Supp 2d 643 (S.D.N.Y. 2006)....................................................... 13

Fritz v. Resurgent Capital Services, LP,
    955 F. Supp 2d 163 (E.D.N.Y. 2013)....................................................... 10

Goldberg v. Winston & Marrone, P.C. and Arthur Winston,
    1997 WL 139526 (S.D.N.Y. 1997)......................................................... 17

Gabriele v. Am. Home Mortg. Servicing, Inc.,
    503 Fed. Appx. 89 (2d Cir. 2012).......................................................... 11

Hachamovitch v. DeBuono,
    159 F.3d 687 (2d Cir. 1998)................................................................. 14

| CASES | PAGE(S) |
|---|---|

Hua v. U.S. Bank Nat'l Ass'n,
  2015 WL 1071606 (E.D.Pa. Mar. 11, 2015)............................................ 16

In re Brimmage,
  523 B.R. 134 (Bankr. N.D. Ill. 2015)........................................................ 9

In re Risk Management Alternatives, Inc. Fair Debt Collection Practices Litigation,
  208 F.R.D. 493 (S.D.N.Y. 2002)............................................................. 17

Jacobson v. Healthcare Financial Services, Inc.,
  516 F.3d 85 (2d Cir. 2008)........................................................................ 8

Lane v. Fein, Such & Crane LLP,
  767 F.Supp. 2d 784 (E.D.N.Y. 2011)...................................................... 11

Lilly v. RAB Performance Recoveries, LLC,
  2013 WL 3834008 (E.D. Tenn. 2013)...................................................... 9

Kamen v. American Tel. & Tel. Co.,
  791 F.2d 1006 (2d Cir. 1986)............................................................. 8, 13

Kropelnicki v. Siegal,
  290 F.3d 118 (2d Cir. 2002)................................................................ 14-16

Maguire v. Citicorp Retail Servs. Inc.,
  147 F.3d 232 (2d Cir. 1998)................................................................ 17, 18

Makarova v. U.S.,
  201 F.3d 110 (2d Cir. 2013)..................................................................... 13

Mayor & City Counsel of Baltimore v. Citigroup, Inc.,
  709 F.3d 129 (2d Cir. 2013)...................................................................... 7

Rooker v. Fidelity Trust Co.,
  263 U.S. 413 (1923)........................................................................... 13, 14

Sokolski v. Trans Union Corp.,
  178 F.R.D. 393 (E.D.N.Y. 1998)............................................................. 17

Sussman v. I.C. Systems, Inc.,
  928 F.Supp. 2d 784 (S.D.N.Y. 2013)................................................... 10, 11

Townsend v. Group, LLC,
  535 B.R. 415 (M.D. Fla. 2015).................................................................. 9

Tsenes v. Trans-Continental Credit and Collection Corp.,
     892 F.Supp. 461 (E.D.N.Y. 1995)............................................................... 10, 13

Weiss v. Regal Collections,
     385 F.3d 337 (3rd Cir. 1997)........................................................ 17

Williams v. Citibank, N.A.,
     565 F.Supp 2d 523 (E.D.N.Y. 2005)........................................... 18

**STATUTES AND RULES**                            **PAGE(S)**

15 U.S.C. § 1962a............................................................................

15 U.S.C. § 1962(a)(6)............................................................... 4

15 U.S.C. § 1962b....................................................................... 8

15 U.S.C. § 1962c....................................................................... 8

15 U.S.C. § 1962d....................................................................... 8

15 U.S.C. § 1962e........................................................ 5, 8, 10-13, 15, 16

15 U.S.C. § 1962(e)(2)(A)........................................... 5, 11, 15, 16

15 U.S.C. § 1962(e)(10)............................................... 5, 11, 15, 16

15 U.S.C. § 1962f........................................................ 5, 8, 10-13, 16

15 U.S.C. § 1962g....................................................................... 4, 9

15 U.S.C. § 1962g(a)................................................................. 4, 8, 9

15 U.S.C. § 1962g(d)................................................................. 8, 9

28 U.S.C.A. §2283....................................................................... 17

FED. R. CIV. P. 9.......................................................................... 11

FED. R. CIV. P. 12(B)(1)............................................................. 2

FED. R. CIV. P. 12(B)(6)............................................................. 2, 13, 17

NEW YORK CIV. PRAC. L. & R. §304............................................. 9

**STATUTES AND RULES**            **PAGE(S)**

NEW YORK CIV. PRAC. L. & R. §5015............................................................. 15

**SECONDARY SOURCES**            **PAGES(S)**

BLACK'S LAW DICTIONARY ............................................................................ 9

Pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) and 12(b)(6), Defendants Pollock & Maguire, LLP ("Pollock & Maguire"), Lee A. Pollock ("Pollock"), Levitt & Kaizer, Richard Levitt, and Nicholas Kaizer (Mr. Levitt, Mr. Kaizer, and their law firm are referred to together as "Levitt & Kaizer") respectfully submit this Memorandum of Law in support of their motion to dismiss with prejudice the Complaint of Wayne Charles, Sr. ("Charles") and Wayne Charles II ("Charles II", together with Wayne Charles, Sr., "Plaintiffs") for failure to state a claim upon which relief may be granted and lack of subject matter jurisdiction.

## PRELIMINARY STATEMENT

This case is another attempt by Wayne Charles to avoid the consequences of a state court Confession of Judgment that he admits to have signed in favor of his former attorneys, Levitt & Kaizer. A related case is pending before this Court under Civil Action Case Number 15-cv-09334 in which Charles asserts Civil RICO and fraud claims ("the RICO Case") against Levitt & Kaizer; a notary public it used; Glenda Charles, Charles' ex-wife; and Michele Kern-Rappy, a court-attorney with the New York State Supreme Court who presided over conferences in a state court judgment enforcement proceeding brought by Levitt & Kaizer that resulted in the appointment of defendant Paul A. Shneyer as receiver of real property owned by Charles; and now in an Amended Complaint, undersigned counsel Pollock; the lender holding a mortgage on his real property; and the State of New York. In this action, Charles is joined as a Plaintiff by his son, Wayne Charles, Jr., and in both actions Charles seeks to enjoin the receiver, Mr. Shneyer, from fulfilling his state court-appointed duties. The Plaintiffs purport to bring claims under the Fair Debt Collection Practices Act ("FDCPA") against Levitt & Kaizer and their attorneys, Pollock & Maguire and Pollock individually, as well as against Glenda Charles. They claim violations of the FDCPA's debt validation notice provisions stemming from the service of Levitt & Kaizer's state court Order

to Show Cause by which the state court enforcement proceeding for the appointment of a receiver was commenced, and they assert claims against Pollock individually for allegedly engaging in unspecified deceptive and unconscionable practices in attempting to collect Levitt & Kaizer's debt.

Briefly stated, the Complaint (Dkt. 1) should be dismissed against all defendants to the extent that it asserts violations of the FDCPA's debt validation notice provisions because the Order to Show Cause constitutes a "legal pleading" that is exempt from the FDCPA's disclosure requirements. Claims that Pollock engaged in deceptive and unconscionable collection practices should be dismissed (a) pursuant to Rule 12(b)(6) because the Complaint does not identify any deceptive conduct, false representation, or unconscionable conduct, other than the unsupported conclusory claim that "Defendant knew or should have known" that the debt was not owed or disputed, and (b) pursuant to Rule 12(b)(1) because the alleged deceptive and unconscionable conduct occurred in the state court enforcement proceeding, and is thus inextricably intertwined with that proceeding and its order appointing Mr. Shneyer, and therefore barred from federal court review by the *Rooker-Feldman* doctrine.

To the extent that the Complaint seeks an injunction enjoining the state court appointed receiver, Mr. Shneyer, the Complaint should be dismissed because the FDCPA does not authorize equitable or injunctive relief, cannot be used as a sword to attack the enforcement of the underlying debt, and the Anti-Injunction Act bars the injunction of state-court proceedings. The Complaint should also be dismissed to the extent that it asserts any claim against Levitt & Kaizer because Levitt & Kaizer is a judgment creditor of Charles, and the FDCPA does not apply to creditors collecting their own debts or their affiliates.

## ALLEGATIONS OF COMPLAINT

Plaintiffs claim that the FDCPA was violated by Levitt & Kaizer's attorneys, Pollock & Maguire, and Pollock, through the service upon them of the Order to Show Cause seeking appointment of a receiver, and that they have suffered unspecified damages by virtue of that service. (Complaint ¶24.)

The Complaint alleges that Pollock is a "debt collector" as defined by 15 U.S.C. §1962a(6) (Complaint ¶14), and that the service of the Order to Show Cause for the appointment of a receiver (which Charles annexes to the Complaint as Ex. 1 and refers to as the March 27, 2015 initial communication[1]) was an initial, written communication to Wayne Charles regarding his debts to Levitt & Kaizer and Glenda Charles (Complaint ¶¶15-17). The Complaint alleges that the Order to Show Cause is "devoid . . . of the warnings and notices required by 15 U.S.C. § 1692g" to be sent to consumers with initial communications in connection with the collection of debts (Complaint ¶18), and that it fails to include "the thirty (30) day validation notice required by 15 U.S.C. § 1692(g)(a)" (Complaint ¶19). The Plaintiffs claim that the Order to Show Cause "violates 15 U.S.C. § 1692(g) because it contradicts the requirement that the Plaintiffs be advised of a thirty (30) day period in which to dispute the bill" (Complaint ¶20), that requisite notices under 15 U.S.C. § 1692g were not otherwise provided to them within five (5) days of the service of the Order to Show Cause (Complaint ¶21), and that "the Defendant" knew or should have known that the debts which were the subject of the Order to Show Cause were not owed or were disputed by the Plaintiffs (Complaint ¶22). It is not clear from the face of the Complaint which Defendant is alleged to have known or should have known that the debt was not owed or was disputed by the

---

[1] Charles also refers to the Order to Show Cause as "the March 27, 2015 written communication" (Complaint ¶¶16, 17), "the March 27, 2015 initial written communication" (Complaint ¶18), and "the March 27, 2015 letter" (Complaint ¶19).

4

Plaintiffs (Complaint ¶22), or how any Defendant would have known that, and it is not clear from the Complaint how Charles II has standing to dispute Charles' debt to Levitt & Kaizer.

The Complaint also alleges that Defendant Pollock violated the general provisions of 15 U.S.C. § 1692e (use of false, misleading, or deceptive representations in the collection of a debt) as well as 15 U.S.C. § 1692e(2)(A) (false representation as to the character, amount, or status of the debt), and 15 U.S.C. § 1692e(10) (use of false representation or deceptive means to collect, or attempt to collect, a debt, or to obtain information about a consumer) (Complaint ¶23a), as well as the general provisions of 15 U.S.C. § 1692f (prohibiting unfair or unconscionable practices in the collection of a debt) and the notice provisions of 15 U.S.C. § 1692g and 15 U.S.C. § 1692g(a) (Complaint ¶23b). The Complaint does not specify any false, misleading, or deceptive statement attributed to any defendant, other than the general, conclusory claim in ¶22 that "Defendant knew or should have known" that the debt was not owed or disputed. With regard to the purported violations of 15 U.S.C. § 1692e, the Complaint does not cite any specific deceptive or misleading statements attributed to Pollock, or any other defendant. Nor does it explain what conduct of Pollock's or any other defendant constitutes an unfair or unconscionable debt collection practice.

Although it is unclear from the Plaintiffs' Complaint what specifically they are complaining of in their First and Second Claims for Relief[2], they appear to assert FDCPA claims against Pollock (Complaint ¶25) and all Defendants (Complaint ¶26). The Third Claim for Relief asserts only that there are "common questions of law and fact." (Complaint ¶26.) The Fourth Claim for Relief asserts that the Plaintiffs are facing unspecified irreparable harm (Complaint ¶29) and seeks an injunction (1) enjoining the Defendants and the state court appointed receiver from

---

[2] Denominated as "Causes of Action" in the Complaint.

"transferring the Premises[3] to a *bona fide* purchaser", and (2) enjoining the Receiver from carrying out any other acts.   (Complaint ¶30.)

As the papers submitted in support of the Order to Show Cause (Ex. 1 to the Complaint) demonstrate, the service of the Order to Show Cause resulted from Pollock and his law firm, Pollock & Maguire, acting in the state court to enforce a debt that had already been reduced to a Judgment docketed by the New York County Clerk on March 25, 2009.   (See Ex. 1 to the Complaint at Ex. A.)  Charles had confessed that judgment in 2009 (Ex. 1 to the Complaint at Ex. B) and even acknowledged the Levitt & Kaizer debt and relied upon it as an obligation when applying in 2013 to the District Court for the appointment of Criminal Justice Act ("CJA") counsel to defend him against pending criminal charges.   (Ex. 1 to the Complaint at Ex. C.)[4]  By Order dated October 2, 2015, the state court granted Levitt & Kaizer's application for a receiver and appointed Mr. Shneyer.  (Dawson Decl. Ex. 1.)

## ARGUMENT

### INTRODUCTION:
### STANDARD UNDER FED. R. CIV. P. 12(b)(6) MOTION

On a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), a Complaint will survive only if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) quoting Bell v. Twombly, 550 U.S. 544,

---

[3]  The Complaint does not define "Premises", but it can be assumed that the Plaintiffs are referring to 80 West 120th Street, New York, which was the subject of Levitt & Kaizer's Order to Show Case (see Complaint at Ex. 1) and for which property the state court appointed Paul A. Shneyer as Receiver.

[4] The sworn financial affidavit with the CJA application, dated August 18, 2013, and Charles's attorney's transmittal letter, which references the "several liens" encumbering Charles' principal asset, 80 West 120th Street, New York New York (including among them the debt to Levitt & Kaizer), were submitted to the court in the state enforcement proceeding as Exhibit C to the Order to Show Cause.  In the Complaint filed in this action, the sworn financial affidavit is annexed to Ex. 1 – the Order to Show Cause papers – as Ex. C, but Charles' attorney's transmittal letter regarding the CJA application is annexed with Ex. D to Ex. 1.

570 (2007).  Thus, under <u>Iqbal</u> and <u>Twombly</u>, a plaintiff is required to plead "factual content that allows [the] court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 556 U.S. at 678.  Factual allegations "must be enough to raise a right to relief above the speculative level . . ." <u>Twombly</u>, 550 U.S. at 563.  A court should not accept as true "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" (<u>Id</u>.), and it should "give no effect at all to legal conclusions couched as factual allegations."  <u>Mayor & City Counsel of Baltimore v. Citigroup, Inc</u>., 709 F.3d 129, 135 (2d Cir. 2013) (quotation omitted).  When allegations in a complaint, even if true, "could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."  <u>Twombly</u>, 550 U.S. at 558.

## POINT I

### THE COMPLAINT'S CLAIMS UNDER
### 15 U.S.C. §1692g SHOULD BE DISMISSED BECAUSE
### THE ORDER TO SHOW CAUSE IS A PLEADING THAT IS
### <u>EXEMPT FROM THE FDCPA'S DISCLOSURE REQUIREMENTS</u>

Congress enacted the FDCPA to eliminate "abusive practice in the debt collection industry" and regulate interactions between "debt collectors"[5] and "consumers".  <u>Ellis v. Solomon, P.C</u>., 591 F.3d 130, 134 (2d Cir. 2010) citing <u>Jacobson v. Healthcare Financial Services, Inc</u>., 516 F.3d 85, 89 (2d Cir. 2008).  With those purposes in mind, the FDCPA restricts and regulates the acquisition of information about debtors (15 U.S.C. §1692b and §1692c), prohibits harassing and abusive conduct (§1692d), as well as the use of unfair and unconscionable means in the collection of a debt (§1692f), and bars the use of false, deceptive, or misleading representations in the

---

[5] Pollock and Pollock & Maguire dispute that they are "debt collectors" as defined by the FDCPA in 15 U.S.C.A. § 1692a.  However, since the determination of whether they are debt collectors involves a factual inquiry, it can be presumed for purposes of this motion that they are "debt collectors".  Even with that presumption, the Complaint fails to state a claim and should be dismissed.

collection of a debt (§1692e).  <u>Jacobson v. Healthcare Financial Services, Inc</u>., 516 F.3d 85, 89.

In addition, the "Validation of Debts" provision in FDCPA §1692g is intended to "eliminate the

recurring problem of debt collectors dunning the wrong person or attempting to collect debts which

the consumer has already paid."  <u>Ellis v. Solomon, P.C</u>., 591 F.3d 130, 134.  It requires that a debt

collector send the consumer debtor a "validation notice" with, or within five days of, an initial

communication to a consumer debtor.  <u>Ellis v. Solomon, P.C</u>., 591 F.3d 130, 134; 15 U.S.C.

§1692g(a).  The FDCPA §1692g(a) notice must contain, among other things, the amount of the

debt, the name of the creditor, and a statement advising the consumer that he has thirty days to

dispute the debt, and if it is disputed the debt collector will verify the debt and mail a copy of that

verification to the consumer.  <u>Ellis v. Solomon, P.C</u>., 591 F.3d 130, 134; 15 U.S.C. §1692g(a).

Significantly, FDCPA §1692g(d) specifically exempts "legal pleadings" from the definition of

"initial communications" to which the "Validation Notice" provisions of 15 U.S.C. §1692g(a)

apply.  15 U.S.C. §1692g(d), <u>Kamen v. Steven J. Baum, P.C.</u>, 659 F.Supp. 2d 402, 405 (E.D.N.Y.

2009).  That section provides:

> A communication in the form of a formal pleading in a civil action
> shall not be treated as an initial communication for purposes of
> subsection (a) of this section.

15 U.S.C. §1692g(d).  See also <u>Ellis v. Solomon, P.C.</u>, 591 F.3d 130, 136.

Here, the Plaintiffs' various claims under FDCPA §1692g (Complaint ¶¶18-21) are

expressly barred because the Order to Show Cause is a formal pleading "that shall not be treated

as an initial communication" for the purposes of §1692g(a).  15 U.S.C. §1692g(d).  The Southern

District has held in <u>Christian, Klein & Cogburn v. National Ass'n of Securities Dealers, Inc</u>., 970

F.Supp. 276, 278 (S.D.N.Y. 1997) (Sotomayor, J.) that an Order to Show Cause is an "initial

pleading" for purposes of determining removability under 28 U.S.C. 1446(b).  In reaching her

conclusion in that case, Justice Sotomayor noted that under New York law a proceeding is initiated and jurisdiction acquired by an order to show cause, and that an order to show cause sets forth a claim for relief. Christian, Klein & Cogburn v. National Ass'n of Securities Dealers, Inc., 970 F.Supp. 276, 278 citing McKinney's CPLR § 304. Moreover, Blacks Law Dictionary defines "pleading" as:

> A formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses.

*Pleading*, BLACK'S LAW DICTIONARY 531 (2d Pocket ed. 1996). In this case, the Order to Show Cause and the papers upon which it was granted initiated the state court enforcement proceeding and constituted Levitt & Kaizer's formal allegations of their claim for the appointment of a Receiver. (See Complaint at Ex. 1.) Thus, there is no question that the Order to Show Cause is a pleading, and that pursuant to 15 U.S.C. §1692g(d) it did not constitute an "initial communication" requiring the delivery of the 15 U.S.C. §1692g Validation Notices. See also Townsend v. Group, LLC, 535 B.R. 415, 423-25 (M.D. Fla. 2015) (no actionable "initial communication" occurred under the FDCPA from filing Proof of Claim in Bankruptcy); In re Brimmage, 523 B.R.134, 136 (Bankr. N.D. Ill. 2015) (proof of claim constitutes a formal pleading and therefore "Defendants need not worry about violating the FDCPA in this regard"); Lilly v. RAB Performance Recoveries LLC, No. 2:12-CV-364, 2013 WL 3834008 at *7 (E.D. Tenn. Jul. 23, 2013) (civil warrant and sworn affidavit commencing enforcement proceeding akin to complaint constituting "formal pleading" for purposes of FDCPA §1692e[11] exception.)

Accordingly, all claims in the Complaint asserted under 15 U.S.C. §1692g should be dismissed.

**POINT II**

**THE COMPLAINT FAILS TO STATE
CLAIMS UNDER 15 U.S.C. §1692e AND 15 U.S.C. §1692f**

The Plaintiffs' various claims under 15 U.S.C. § 1692e and § 1692f, which appear to be addressed only to Defendant Pollock (Complaint ¶23a and 23b), should also be dismissed because the Complaint does not contain any specific factual allegations of material false statements, deceptive practices, or "unfair or unconscionable" collection practices to satisfy the Twombly and Iqbal pleading requirements.[6]

FDCPA § 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt", 15 U.S.C. § 1692e. The statute then includes a list of specific prohibited acts, but the list "is non-exhaustive", Sussman v. I.C. System, Inc., 928 F.Supp. 2d 784, 795 (S.D.N.Y. 2013), and accordingly "a debt collection practice can be a 'false, deceptive, or misleading' practice in violation of § 1692e even if it does not fall within any of the subsections of § 1692e.'" Fritz v. Resurgent Capital Services, LP, 955 F.Supp. 2d 163, 169 (E.D.N.Y. 2013) citing Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993). In the Second Circuit, the test for determining whether a communication is deceptive in violation of § 1692e is objective, based upon how the "least sophisticated consumer" would understand it. Tsenes v. Trans-Continental Credit and Collection Corp., 892 F.Supp. 461, 464 (E.D.N.Y 1995) citing Clomon v. Jackson, 988 F.2d 1314, 1318; see also Sussman v. I.C. System, Inc., 928 F.Supp. 2d 784, 795 citing Ellis v. Solomon, P.C., 591 F.3d 130, 135. Additionally, the Southern District has joined other district courts in the Second Circuit and other circuit courts in reading "a materiality requirement" into the FDCPA's prohibition of false, deceptive, or misleading practices. Sussman

---

[6] To the extent the Complaint might be read to assert §1692e or 1692f claims against any other defendant, such claims fail for the same reasons they fail as to Pollock.

v. I.C. System, Inc., 928 F.Supp.2d 784, 795 citing Gabriele v. Am. Home Mortg. Servicing, Inc., 503 Fed. Appx. 89, 93-94 (2d Cir. 2012). Thus, in determining whether a plaintiff has stated a claim under § 1692e, the Southern District has found that the false representation claim must "rest on material misrepresentations." Sussman v. I.C. System, Inc., 928 F.Supp.2d 784, 795-96. See also, Lane v. Fein, Such, & Crane LLP, 767 F.Supp.2d 382, 389-90 (E.D.N.Y. 2011) (misstatement as to principal place of business in state court foreclosure Complaint not materially false or misleading).

Here, the Plaintiffs claim that "by Defendant's March 27, 2015 initial communication", Pollock violated 15 U.S.C. § 1692e generally, and 15 U.S.C. § 1692e(2)(A) specifically, which prohibits false representations as to the character, amount, or status of the debt, and 15 U.S.C. § 1692e(10) specifically, which prohibits the use of false representations or deceptive means to collect, or attempt to collect, a debt, or to obtain information about a consumer. (Complaint ¶23a.) However, the Complaint does not contain any factual allegations concerning the false statements made by Pollock, or deceptive practices engaged in by him. The Complaint does not identify what false, deceptive, or material misleading representations it refers to, much less plead them with the particularity required by FED. R. CIV. P. 9, nor does it state anywhere how the Order to Show Cause materially misrepresented the character, amount, or status of the debt, as required to state claims under 15 U.S.C. § 1692e generally, and 15 U.S.C. § 1692e(2)(A) and § 1692e(10) specifically. Indeed, the only allegation in the Complaint from which any purported deceptive conduct can be gleaned is Paragraph 22, which states in conclusory fashion that, "upon information and belief", the Order to Show Cause "demands and/or attempts to collect amounts that the Defendant knew, or should have known, were not owed or were disputed by the Plaintiffs." (Complaint ¶22.) This conclusory allegation, without any factual allegations that demonstrate when or how Plaintiffs

disputed the debt to Levitt & Kaizer, or that explain how Pollock would have known that it was disputed or not owed, are insufficient to state a 15 U.S.C. § 1692e claim under Iqbal and Twombly.

Even had Pollock somehow known that Charles was disputing his debt to Levitt & Kaizer prior to bringing the Order to Show Cause, there would be no material misrepresentation because Charles would have known that he was disputing it, and had every opportunity to advise the state court that he was disputing it.

Moreover, the Order to Show Cause papers that Plaintiffs annex with their Complaint actually demonstrate that, rather than dispute it, Wayne Charles acknowledged the validity of his debt to Levitt & Kaizer in his 2013 application for CJA counsel. (Ex. 1 to the Complaint at Ex. C.) Mr. Charles was represented by counsel at the time his CJA application was sworn to and submitted (See Ex. 1 to the Complaint at Ex. D and Note 4 supra), yet, despite that representation, he can point to no writing in which he took issue with the validity of his debt. Instead, counsel assisted him in expressly acknowledging the debt to Levitt & Kaizer in a sworn affidavit.

Nor is there any plausible basis for the claim that Pollock made false representations as to the character, amount, or status of the debt. As is evident from a review of the Order to Show Cause papers that were submitted to and signed by the state court judge, Levitt & Kaizer's application for the appointment of a receiver was based upon a debt that Charles had confessed to which had been reduced to a Judgment and docketed by New York County's judgment clerk.

Plaintiffs' claim under 15 U.S.C. § 1692f also fails and must be dismissed. That section prohibits a debt collector from employing "unfair or unconscionable means to collect" a debt, and contains a non-exhaustive list of conduct which would constitute unfair or unconscionable conduct. 15 U.S.C. § 1692f. It is difficult to fathom what could be construed as "unfair" or "unconscionable" about proceeding in accordance with New York's receivership statute to enforce

a debt that has been reduced to a judgment.  Moreover, the Complaint here does not allege any of the improper acts listed in 15 U.S.C. § 1692f, or identify any misconduct beyond what is claimed to have violated other provisions of the FDCPA.  <u>Foti v. NCO Financial Systems, Inc</u>., 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006).  Plaintiffs thus fail to meet the <u>Iqbal</u> and <u>Twombly</u> pleading standards for stating a claim under 15 U.S.C. § 1692f.  <u>See also</u> <u>Tsenes v. Trans-Continental Credit and Collection Corp</u>., 892 F.Supp. 461, 466 (Court dismisses § 1692f  claims, finding "[T]he Complaint is devoid of support for the contention that the defendant engaged in practices that were 'unfair' or 'unconscionable' within the meaning of the section.").

The Complaint's claims under 15 U.S.C. § 1692e and § 1692f should therefore be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

## POINT III

### PLAINTIFFS' CLAIMS UNDER 15 U.S.C. § 1692e, 15 U.S.C. § 1692e (2)(A), 15 U.S.C. § 1692e(10), AND 15 U.S.C. § 1692f  SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(b)(1) BECAUSE THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO THE *ROOKER-FELDMAN* DOCTRINE

An action must be dismissed for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." <u>Makarova v. U.S.</u>, 201 F.3d 110, 113 (2d Cir. 2013) citing FED. R. CIV. P. 12(b)(1).  A plaintiff asserting that the court has subject matter jurisdiction has the burden of proving it by a preponderance of the evidence.  <u>Makarova v. U.S.</u>, 201 F.3d 110, 113.  In resolving a Rule 12(b)(1) motion challenging subject matter jurisdiction, a district court may consider evidence outside the pleadings.  <u>Makarova v. U.S.</u>, 201 F.3d 110, 113 citing <u>Kamen v. American Tel. & Tel. Co</u>., 791 F.2d 1006, 1011 (2d Cir. 1986).  In <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 44 S. Ct. 149 (1923) and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 103 S. Ct. 1303

(1983), the United States Supreme Court held, in what has become known as the *Rooker-Feldman*

Doctrine, that lower federal district courts lack statutory authority to exercise jurisdiction over

cases calling for the review and reversal of unfavorable state court judgments, and that dismissal

of such cases is warranted for lack of subject matter jurisdiction. Rooker v. Fidelity Trust Co., 263

U.S. 413, 44 S. Ct. 149 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S.

462, 103 S. Ct. 1303 (1983); see also Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S.

280, 285 (2005); Hachamovitch v. DeBuono, 159 F.3d 687, 693-694 (2d Cir. 1998). "The

*Feldman* Court further noted that a federal court lacks jurisdiction over any claims that are

'inextricably intertwined' with a state court's determination in a judicial proceeding."

Hachamovitch, 159 F.3d 687, 694 citing Feldman, 460 U.S. at 482 n.16, 103 S. Ct. at 1315 n 16.

In Kropelnicki v. Siegel, 290 F.3d 118 (2d Cir. 2002), the Second Circuit found that the

federal courts were barred by the *Rooker-Feldman Doctrine* from reviewing a claimed violation

of the FDCPA based upon alleged misrepresentations made in the state-court proceeding to enforce

the subject debt. Kropelnicki v. Siegel, 290 F.3d 118, 128-29 (2d Circ. 2002). The court noted

that a claim is inextricably intertwined with the merits of the state court judgment where its

adjudication in the federal court would require a determination that the state court judgment was

erroneously entered or void, and determined that Plaintiff's claims based upon misrepresentations

made in the state court proceeding were barred by *Rooker-Feldman* because they might require

the federal court to "effectively declare the state court judgment fraudulently procured and thus

void", which is "precisely the result that the *Rooker-Feldman* doctrine seeks to avoid. . ."

Kropelnicki v. Siegel, 290 F.3d 118, 129 (2d Cir. 2002) citing Hachamovitch v. DeBuono, 159

F.3d 687, 693 ("The Rooker-Feldman doctrine provides that lower federal courts lack subject

matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or modification of a state court judgment.").

Here, by asserting misrepresentation, deceptive, and "unfair or unconscionable" practices claims associated with Pollock's conduct in the state court enforcement proceeding, the Plaintiffs are asking this Court to review that proceeding and effectively declare that the Order appointing Mr. Shneyer was fraudulently procured and void or that the underlying judgment was fraudulently procured and void. The Complaint does not allege that Pollock had any involvement in the collection of Charles' debt to Levitt & Kaizer beyond his involvement with the Order to Show Cause in the enforcement proceeding. Plaintiffs' claims under 15 U.S.C. § 1692e generally, and 15 U.S.C. § § 1692e(2)(A) and § 1692e(10) thus specifically relate to purported false representations or deceptive conduct through which the receivership order was sought, and are therefore inextricably intertwined with that order. Similarly, Plaintiffs' claim under 15 U.S.C. § 1692f can only be interpreted to mean that Pollock engaged in "unfair or unconscionable" conduct in seeking and securing a receiver to enforce a debt that was reduced to judgment in accordance with New York law. That claim is also inextricably intertwined to the enforcement proceedings in the state court, and the state court order.

In determining that her claim was barred by *Rooker-Feldman*, the Second Circuit in Kropelnicki also pointed out that Connecticut law afforded the Plaintiff "ample opportunity" to raise her misrepresentation claim in the state court proceeding Kropelnicki v. Siegal, 290 F.3d 118, 128-129. Similarly, here Charles had an opportunity to raise any claims related to purported misrepresentations or deceptive conduct in the state court, either in his opposition to the Order to Show Cause or in a motion to vacate the receivership order brought pursuant to New York CPLR 5015.

In Hua v. U.S. Bank Nat'l Ass'n, No: 14-cv-6767, 2015 WL 1071606 (E.D.Pa. March 11, 2015) the Eastern District of Pennsylvania found that *Rooker-Feldman* barred an FDCPA claim that involved alleged notice violations, misrepresentations concerning the nature, character, and amount of the debt at issue, false claims, and deceptive practices allegedly made and/or engaged in by a bank and its counsel in a foreclosure proceeding. The court considered whether the source of the Plaintiff's injury was the defendants' conduct or the state court judgment, and determined that Plaintiff was attempting to challenge the state court judgment because she was asserting that defendants had no right to foreclose upon her property, attacking the validity of the debt, and disputing the amount of the debt. The court stated, "Casting her action as one under the FDCPA does not make it one. Instead, it is action that complains of an injury caused by the state court's mortgage foreclosure judgment." Hua, 2015 WL 1071606 at *3.

As in Hua, this action is really an attempt to attack the state court order appointing the receiver and the judgment that Charles confessed to Levitt & Kaizer. That the source of Charles' claimed injury was not the Defendants' conduct, but rather the state court order and judgment is demonstrated by Plaintiffs' failure to point to any specific misrepresentations or deceptive practices, and their attacks upon the validity of the debt, their dispute as to its amount, and their attempt to secure an injunction enjoining the receiver from enforcing the debt.

Thus, as in Kropelnicki and Hua, the Plaintiffs' claims under 15 U.S.C. § 1692e, 15 U.S.C. § 1692e (2)(A), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f are barred by the *Rooker-Feldman* Doctrine.

## POINT IV

## PLAINTIFFS ARE NOT ENTITLED TO AN INJUNCTION
## UNDER THE FDCPA AND THE ANTI-INJUNCTION ACT

The "Anti-Injunction Act", 28 U.S.C.A. §2283, provides:

> A court of the United States may not grant an injunction to stay
> proceedings in a State court except as expressly authorized by Act
> of Congress, or where necessary in aid of its jurisdiction, or to
> protect or effectuate its judgments.

28 U.S.C.A. §2283. Moreover, this Court has found that violations of the FDCPA cannot serve as the basis for injunctive relief for private plaintiffs. In re Risk Management Alternatives, Inc., Fair Debt Collection Practices Litigation, 208 F.R.D. 493, 503 (S.D.N.Y. 2002) citing Goldberg v. Winston & Marrone, P.C. and Arthur Winston, No. 95 Civ. 9282 (LAK), 1997 WL 139526 (S.D.N.Y. Mar. 26, 1997); Sokolski v. Trans Union Corp., 178 F.R.D. 393, 399 (E.D.N.Y. 1998). Indeed, "the FDCPA contains no express provision for injunctive or declaratory relief in private actions" and "[m]ost courts have found equitable relief unavailable under the statute, at least with respect to private actions." Weiss v. Regal Collections, 385 F.3d 337, 341 (3rd Cir. 2004).

Accordingly, to the extent the Complaint's Fourth Claim for Relief seeks injunctive relief (Complaint ¶30), that claim must be dismissed because the FDCPA does not provide for it, and it is otherwise barred by the Anti-Injunction Act.

## POINT V

## THE COMPLAINT SHOULD BE DISMISSED AS TO
## LEVITT & KAIZER BECAUSE THE FDCPA DOES NOT APPLY TO CREDITORS

The FDCPA does not apply to creditors collecting their own debts. Backuswalcott v. Common Ground Community HDFC, Inc., 104 F.Supp.2d 363, 366 (S.D.N.Y. 2000). See also

Maguire v. Citicorp Retail Servs. Inc., 147 F.3d 232, 235 (2d Cir. 1998) ("As a general matter, creditors are not subject to the FDCPA."); Williams v. Citibank, N.A., 565 F.Supp.2d 523, 528 (S.D.N.Y. 2008). Nor are creditors vicariously liable for the acts of their debt collectors under the FDCPA merely because they employed a debt collector. Williams v. Citibank, N.A., 565 F.Supp. 2d 523, 529.

Thus, the FDCPA does not apply to the firm of Levitt & Kaizer, which is a judgment creditor of Charles. Indeed, there is no allegation that Levitt & Kaizer, Mr. Levitt, or Mr. Kaizer are "debt collectors" as necessary to state any FDCPA claim against them. See Williams v. Citibank, N.A., 565 F.Supp.2d 523, 530 citing Doherty v. Citibank (South Dakota) N.A., 375 F.Supp. 2d 158, 161-132 (E.D.N.Y. 2005). And even were Pollock or Pollock & Maguire debt collectors and found to have violated the FDCPA, Levitt & Kaizer would not be vicariously liable for that conduct. Williams v. Citibank, N.A., 565 F.Supp.2d 523, 529. Accordingly, to the extent the Complaint purports to assert any claim against Levitt & Kaizer, Mr. Levitt, or Mr. Kaizer[7] under the FDCPA, it should be dismissed.

---

[7] Or, for that matter, Glenda Charles, who is also a creditor of Charles.

## CONCLUSION

For the foregoing reasons, Defendants Levitt & Kaizer, Richard Levitt, Nicholas Kaizer, Lee A. Pollock, and Pollock & Maguire, LLP respectfully request that the Court grant their motion to dismiss the Complaint with prejudice and without leave to replead, together with such further relief as the Court deems just and proper.

Dated: White Plains, New York
        February 19, 2016

                                        **POLLOCK & MAGUIRE, LLP**

                                        By:_____/s/ *Peter S. Dawson*_____
                                                Peter S. Dawson (PD1618)
                                                pdawson@pollock-maguire.com
                                                *Attorneys for Defendants Levitt & Kaizer,*
                                                    *Richard Levitt, Nicholas Kaizer, and*
                                                    *Lee A. Pollock, and pro se*

                                        By:_____/s/ *Lee A. Pollock*_____
                                                Lee A. Pollock (LP7192)
                                                lpollock@pollock-maguire.com
                                                *Attorneys for Defendants Levitt & Kaizer,*
                                                    *Richard Levitt, Nicholas Kaizer, and*
                                                    *pro se*
                                                4 West Red Oak Lane, Suite 302
                                                White Plains, New York 10604
                                                (914) 251-1525