

**POLLOCK**
**& MAGUIRE**
LLP, Attorneys at Law

**MEMO ENDORSED** 3/1/16

LEE A. POLLOCK
THERESA N. MAGUIRE
PETER STUART DAWSON*
ANDREW S. TALIOTTA

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/1/16
```

All parties agree that discovery should be stayed pending the Court's decisions on defendants' motions to dismiss. Discovery is therefore stayed.

March 1, 2016

**SO ORDERED:**

*Paul A. Engelmayer*

HON. PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE

pdawson@pollock-maguire.com
***VIA ECF***
Hon. Paul A. Engelmayer
United States District Judge
United States District Court, Southern District of New York
40 Foley Square, Courtroom 2201
New York, New York 10007

Re:   *Charles, Sr. v. Levitt & Kaizer et al.,*
      *15-Civ-09334 (rel. 15-Civ-08283; 15-Civ-9758) – PAE*

Dear Judge Engelmayer:

We are the attorneys for Defendants Levitt & Kaizer, Richard Levitt, Nicholas Kaizer ("Levitt & Kaizer") and Lee A. Pollock ("Pollock"). We write jointly with the Plaintiff and Defendants Glenda Charles, Paul A. Shneyer, Michelle Kern-Rappy and the State of New York in accordance with the Court's February 26, 2016 Order to set forth the parties' respective positions regarding the question of whether discovery should proceed while motions to dismiss filed by Levitt & Kaizer and Pollock and Glenda Charles are pending before the Court.

**Plaintiff's Position**

It is Plaintiff's position that discovery should be stayed until the determination of the court on the Defendants' Motions to Dismiss and the receipt of all Defendants' Answers and/or Motions to Dismiss.

**Position of Defendants Levitt & Kaizer and Pollock**

Although Plaintiff's Amended Complaint imagines elaborate frauds, conspiracies and criminal enterprises aimed at "fleecing" him of his assets, it points to no facts to even remotely support the notion that any such frauds, conspiracies or enterprises exist. In reality, the Plaintiff's creditors simply availed themselves of the receivership remedies available to them under New York

Hon. Paul A. Engelmayer
March 1, 2016
Page 2

state law to enforce a judgment, and the Plaintiff is unhappy about that and has vindictively commenced this (and other) baseless lawsuits.

In considering whether to stay discovery pending a motion to dismiss, district courts generally consider "1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, 2) the breadth of discovery and the burden of responding to it, and 3) the risk of unfair prejudice to the party opposing the stay." Spinelli v. Nat'l Football League, No. 13 CIV. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015). Also see Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("A court should also consider the strength of the dispositive motion that is the basis of the discovery stay application."); Gandler v. Nazarov, No. 94 CIV. 2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (". . . because the adjudication of the pending motion to dismiss might avoid the need for costly and time-consuming discovery, all discovery in this case is hereby stayed pending resolution of defendant's motion to dismiss."); Rivera v. Heyman, No. 96 CIV. 4489 (PKL), 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("Given that disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants.")

Here, discovery should be stayed pending a determination of the pending motions to dismiss because Defendants have made an extraordinarily strong showing in their motion papers that (1) the Court lacks subject matter jurisdiction over the Plaintiff's claims under the *Rooker-Feldman* doctrine, or should decline to exercise jurisdiction under the *Younger Abstention* Doctrine (see Levitt & Kaizer and Pollock's Moving Memorandum of Law, Dkt. 53, at pp. 11-15); (2) the claims asserted are in any event time-barred (Id. pp. 15-17); and (3) the allegations of RICO, fraud and constitutional due process violations under 42 U.S.C. §1983 are so egregiously deficient (Memo of Law, Dkt. 53 at pp. 18-24) that the scope of discovery would be virtually impossible to rationally determine. The Defendants already have been unreasonably burdened by having to respond to a Complaint that fails to satisfy the minimum pleading requirements for a Federal pleading; that burden should not be compounded by requiring wasteful discovery pending a determination of motions to dismiss that we are confident will result in the dismissal of all claims as to all parties. Meanwhile, a stay will cause no prejudice to the Plaintiff.

### Position of Defendant Glenda Charles

Defendant Glenda Charles joins in and adopts the position taken by defendants Levitt & Kaizer and Pollock.

Hon. Paul A. Engelmayer
March 1, 2016
Page 3

**Position of Defendant Paul A. Shneyer**

Defendant Paul A. Shneyer was appointed as Receiver of the premises underlying the allegations in this action by the Hon. Richard A. Braun of the Supreme Court of the State of New York, County of New York (Index No. 09/104127) by Order dated October 2, 2015.

Mr. Shneyer has been named in this lawsuit both in his capacity as Receiver of the premises and in his individual capacity.

The initial Complaint named Mr. Shneyer only in his capacity as Receiver. Based upon the Complaint, it is apparent that he was named as a defendant because Plaintiff sought to enjoin Mr. Shneyer from performing his duties as Receiver based upon the allegations against the other defendants. Mr. Shneyer filed an Answer to the Complaint on January 5, 2014. Mr. Shneyer's response to the Amended Complaint is due March 4, 2016.

The Amended Complaint now names Mr. Shneyer as a defendant in both his capacity as Receiver and in his individual capacity. The Amended Complaint, without any basis other than his appointment as Receiver, asserts all causes of action against Mr. Shneyer, notwithstanding that the underlying facts of the action arise out of the Affidavit of Confession of Judgment signed by plaintiff in March, 2009. As the Court appointed Receiver, Mr. Shneyer has no involvement with the allegations underlying this lawsuit, and the Amended Complaint is barren of any relevant factual allegations against him.

Mr. Shneyer agrees that discovery should be stayed pending the determination of the motions to dismiss. It is respectfully submitted that it is highly likely that the Court will grant the motions. Mr. Shneyer, already unfairly burdened by being named as a defendant solely because he was appointed as Receiver of the premises by Order of a New York State court, should not also be burdened by having to engage in discovery pending the determination of the motions. Accordingly, Mr. Shneyer agrees that discovery should be stayed.

**Position of Defendants Michele Kern-Rappy and the State of New York**

Defendants Michele Kern-Rappy and the State of New York ("State Defendants") concur with defendant Levitt & Kaizer, and the other moving defendants, that discovery herein should be stayed in light of the probable success of those defendants' pending motions to dismiss pursuant to Fed. R. Civ. P. 12(b). State Defendants assert that discovery should be stayed pending a determination of the motions because the moving defendants have made an

Hon. Paul A. Engelmayer
March 1, 2016
Page 4

extraordinarily strong showing that: (1) pursuant to the Rooker-Feldman doctrine the Court lacks subject matter jurisdiction over Plaintiff's claims; (2) the Court should abstain from exercising jurisdiction over plaintiff's claims pursuant to Younger v. Harris, 401 U.S. 37, 91 (1971); (3) plaintiff's RICO and fraud claims are barred by the applicable statutes of limitations; (4) plaintiff's claim for injunctive relief is barred by the "Anti-Injunction Act", 28 U.S.C. § 2283; and (5) the allegations of plaintiff's Amended Complaint fail to state any cognizable claim.

At a minimum, if the moving defendants are correct with regard to their jurisdictional arguments under the Rooker-Feldman and Younger doctrines, the Court would lack subject matter jurisdiction over Plaintiff's claims against all defendants. Similarly, insofar as the moving defendants are correct that the "Anti-Injunction Act", 28 U.S.C. § 2283 bars plaintiff's claim for injunctive relief, that determination would also apply to plaintiff's claims for injunctive relief against all defendants. Accordingly, it would be an inefficient use of the Court's and the parties' resources to pursue discovery pending the Court's determinations on the moving defendants' motions which will likely require dismissal of the action as against all parties.

Further, State Defendants anticipate filing a motion under Fed. R. Civ. P. 12(c) seeking dismissal of the Amended Complaint on most if not all of the same grounds for dismissal advanced by the moving defendants, and on several grounds that are particular to them. Staying discovery would have the salutary effect of permitting State Defendants to efficiently file their anticipated Rule 12(c) motion while the Court is considering the pending motions of the other moving defendants.

State Defendants expect that their Rule 12(c) motion will seek dismissal of plaintiff's claims on at least the following additional grounds particular to them: (i) all of plaintiff's claims against defendant State of New York and his claims for money damages defendant Kern-Rappy in her official capacity are barred by the Eleventh Amendment (e.g., Federal Maritime Comm'n v. S.C. State Ports Auth., 535 U.S. 743, 765-766 (2002); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 58 (1996); Kentucky v. Graham, 473 U.S. 159, 169 (1985); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)); (ii) plaintiff's claims under 42 U.S.C. § 1983 against the same defendants fail as a matter of law because defendant State of New York is not a "person" within the meaning of § 1983 (e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 65, 71(1989)); (iii) plaintiff's supposed "Monell claim" for "municipal liability" (Am. Compl. ¶¶180-185) is inapposite as against defendant State of New York and against defendant Kern-Rappy in any capacity (compare Monell v. Dep't of Soc. Servs., 436 U.S. 658, 689-691 (1978), with Will, 491 U.S. at 65); and, finally (iv) defendant Kern-Rappy is entitled to absolute judicial or quasi-judicial immunity for the actions plaintiff asserts as the bases for her liability, all

Hon. Paul A. Engelmayer
March 1, 2016
Page 5

of which were taken in her capacity as a Court Attorney on behalf of a New York State Judge (e.g., Oliva v. Heller, 839 F.2d 37, 40 (2d Cir. 1988); Bliven v. Hunt, 579 F.3d 204, 214 (2d Cir. 2009)).

It is critical to note that these additional grounds for dismissal unique to the State Defendants would seek dismissal of plaintiff's claims purely as a matter of law. Therefore, notwithstanding that Rule 12(d) provides that matters outside the pleadings may be presented on a Rule 12(c) motion, conducting discovery before State Defendants submit their anticipated Rule 12(c) motion, and while the other defendants' dismissal motions are still pending, would do nothing to yield relevant information that would alter the outcome on State Defendants' motion.

**Conclusion**

The foregoing sets forth the parties' respective positions with respect to conducting discovery while motions to dismiss are pending.

Respectfully submitted,

Peter S. Dawson

PSD&LAP

cc: David B. Diamond, Esq.
    Jay A. Sanchez, Esq.
    Paul Shoemaker, Esq.
    Aimee Levine, Esq.